IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER CROSS,                    )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )        Case No. 07-0226-CV-W-ODS
                                      )
NORTH KANSAS CITY SECURITY            )
PATROL SERVICE, INC., et al.,         )
                                      )
                    Defendants.       )

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION TO STRIKE

Pending is Defendants' Motion to Dismiss (Doc. #15) and Plaintiff's Motion to Strike (Doc. #17). For the following reasons, Defendants' Motion is granted and Plaintiff's Motion is denied.


I. Defendants' Motion to Dismiss

Plaintiff was employed by Defendant North Kansas City Security Patrol Service as a private security officer. On March 4, 2007, Plaintiff was terminated. On March 19, 2007, Plaintiff filed this action against Defendants, claiming violations of §1983 and wrongful termination under Missouri state law. Plaintiff alleges his job duties were "substantially comparable to what police or sheriffs' (sic) perform," and therefore, he "acted under color of law and/or was a state actor."

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff. *Pro Se* pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Nevertheless, *pro se* pleadings must state sufficient facts

which, when taken as true, support the claims advanced. Uka v. Mama's Bar & Grill Restaurant, 2006 WL 1752293, * 5 (E.D. Mo. 2006).


A. Counts I and III

Plaintiff's Counts I and III allege violations of Section 1983.  Section 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and Laws, shall be liable to the injured party in an action as law, suit in equity or other proceedings for redress. . . .

42 U.S.C. § 1983 (2003).  To establish a section 1983 claim, a plaintiff must show that persons, acting under color of state law, deprived him of constitutional rights, privileges or immunities.  Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (citing Collins v. Harker Heights, 503 U.S. 115 (1992)).  Plaintiff's Complaint alleges he was required by his employer to perform duties and functions substantially comparable to what police or deputy sheriffs' (sic) perform, but fails to state any facts supporting this position or any other relationship between the State and Defendants. Furthermore, Plaintiffs specifically states Defendant NKCBI is a "private business" and Defendant Allen is the "owner and operator." At no point does Plaintiff assert any state official required Defendants to terminate Plaintiff's employment, or had any involvement whatsoever with Defendants' decision. As the Eighth Circuit has previously held, "what was missing here . . .is direct government control." Nichols v. Metropolitan Center for Independent Living, Inc., 50 F. 3d 514, 518 (8th Cir. 1995). The government does not control the private employer's personnel decision, thus, the employer is not a state actor and the termination was not the result of state action. Id.

Plaintiff has not alleged the state action required to maintain a  Section 1983 action. Accordingly, Counts I and III are dismissed.


B. Counts II and IV

The Court has dismissed all of Plaintiff's federal-law claims.  Plaintiff's remaining

claims are pendent state-law claims. Diversity of citizenship is lacking, so the Court does not have original jurisdiction over the remaining claims. The Court declines to exercise pendent jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's remaining state law claims are dismissed without prejudice for lack of jurisdiction.

## II. Plaintiff's Motion to Strike

Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss, alleging Defendants filed the motion in bad faith and in violation of Federal Rule 7(a) (among other allegations). However, a defendant may file a motion to dismiss under Rule 12(b)(6), as Defendants have done here, within 20 days after being served with the summons and complaint. Accordingly, Plaintiff's Motion to Strike is denied.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion to Strike is denied.


IT IS SO ORDERED.


Date: June 25, 2007                    /s/___Ortrie D. Smith_____
                                       ORTRIE D. SMITH, JUDGE
                                       UNITED STATES DISTRICT COURT